IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | CIVIL ACTION NO.<br><br>3-06- 0932 |
| U-HAUL INTERNATIONAL, INC., d/b/a<br>U-HAUL CO. OF TENNESSEE, | )<br>) COMPLAINT<br>)<br>) JURY DEMAND |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on race and to provide appropriate relief to Oluseyi Kunnu. The Commission alleges that Mr. Kunnu, a former employee, was terminated from his employment because of his race, causing Mr. Kunnu to suffer lost income and mental and emotional injuries.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

1

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f)(1) and (3).

4. At all relevant times, Defendant U-Haul Co. of Tennessee ("Employer"), a domestic corporation, has been continuously doing business in the state of Tennessee and the city of Nashville and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Oluseyi Kunnu filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From June, 2005, to the present, Defendant Employer engaged in unlawful employment practices at its Nashville, Tennessee facility, in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. Oluseyi Kunnu became employed at Defendant's retail facility on Nolensville Road in Nashville, Tennessee, as a customer service representative in 2004.

2

Case 3:06-cv-00932    Document 1    Filed 09/28/06    Page 2 of 5 PageID #: 2

9. In June, 2005, despite the fact that Mr. Kunnu had performed his job satisfactorily throughout his employment and had violated no work rules, a new store manager assigned by Defendant to be in charge of the facility where Mr. Kunnu was employed terminated Mr. Kunnu because of his race (Black).

10. On November 22, 2005, Mr. Kunnu filed a charge of discrimination with the Commission alleging that Defendant terminated him because of his race.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or reckless indifference to the federally protected rights of Oluseyi Kunnu.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide protection against discrimination based on race and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Oluseyi Kunnu by providing appropriate compensatory damages for his pecuniary losses, including but not limited to his lost wages, with prejudgment interest, in amounts to be determined at trial, and

3

other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Oluseyi Kunnu by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant Employer to pay Oluseyi Kunnu punitive damages for its malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

F. Order Defendant Employer to reinstate Oluseyi Kunnu into his former position and seniority date.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

4

## JURY TRIAL DEMAND

The Commission demands a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams by SWD*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 621
Memphis, TN 38104
(901) 544-0088

*Steven W. Dills*
STEVEN W. DILLS
Trial Attorney
TN Bar No. 11970

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-5784